Joseph Bianchi and Edith Bianchi, Appellants, *v.* J. J. Longo, and City of Philadelphia, and Commissioner of Department of Licenses and Inspections of the City of Philadelphia and Director of the Redevelopment Authority of the City of Philadelphia, Appellees.

Argued October 2, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Irvin J. Kopf,* for appellants.

*James M. Penny, Jr.,* Assistant City Solicitor, with him *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellees.

OPINION BY JUDGE ROGERS, November 26, 1973:

The appellants, Joseph Bianchi and Edith, his wife, own a property on South 7th Street, Philadelphia. The appellants, Frank, Amody and Salvatore Morano own the property next door. The Bianchi property was lo-

cated in a redevelopment area as that term is defined by the Urban Redevelopment Law, Act of May 24, 1945, P. L. 991, §3(n), 35 P.S. §1703(n). This qualified the Bianchis, and they applied, for a federal rehabilitation loan authorized to be dispensed by the Department of Housing and Urban Development of the United States through the Philadelphia Redevelopment Authority, pursuant to the Housing and Urban Development Act of 1965.[1] The Redevelopment Authority, in the administration of the program for such loans, required that the work of rehabilitating properties should be performed by a builder licensed by the Department of Licenses and Inspections of the City of Philadelphia. The Bianchis contracted with such a person, one J. J. Longo, to perform work on their property.

Shortly after Longo started work, the third story of the Bianchi property collapsed causing extensive damage to it and to the Morano property next door. The Bianchis and the Moranos, alleging a breach of contract by Longo, demanded arbitration of the American Arbitration Association, as provided for in the contract between the Bianchis and Longo. They named as persons subject to arbitration, not only Longo but also the Philadelphia Redevelopment Authority, the City of Philadelphia and the Department of Licenses and Inspections of the City of Philadelphia. The Authority, the City and the latter's Department of Licenses refused to arbitrate on the ground that they were not parties to any contract with the claimants. The American Arbitration Association duly dismissed the recusants from the arbitration action.

The Bianchis and Moranos then filed a petition for declaratory judgment in the Court of Common Pleas of Philadelphia County naming Longo, the Director of

---

[1] Housing and Urban Development Act of 1965, Act of August 10, 1965, P. L. 89-117, 79 *Statutes at Large* 451.

the Redevelopment Authority, the City and the Commissioner of Licenses and Inspections as respondents and seeking orders that the respondents be directed to engage in arbitration. The Authority filed a responsive answer. The City and its Department of Licenses and Inspections, however, filed preliminary objections in the nature of demurrers which the court sustained. This appeal is from that action of the court.

The lower court was clearly correct. Although neither the City nor its Department of Licenses and Inspections were signatories of the contract concerning which arbitration is sought, the appellants contend in a vast brief that they are parties to the contract. So far as the City is concerned, the argument is that the Philadelphia Redevelopment Authority is an agent of the City because the statute[2] provides that the Authority shall cooperate with the City in the cause of redevelopment. The fatal flaw in this argument is that the Urban Redevelopment Law, many other provisions of which the appellants quote in search of an inference that the Redevelopment Authority is an agent of the City, pertinently provides: "There are hereby created separate and distinct bodies corporate and politic, one for each city and one for each county of the Commonwealth, as herein defined. Each body shall be known as the Redevelopment Authority of the city or county, as the case may be, *but shall in no way be deemed to be an instrumentality of such city or county,* or engaged in the performance of a municipal function. . . ." Act of May 24, 1945, P. L. 991, §4(a), 35 P.S. §1704(a). (Emphasis supplied.)

With regard to the Department of Licenses and Inspections, its only connection with the affair is that Longo possesses a license issued by the department to

---

[2] The Urban Redevelopment Law, Act of May 24, 1945, P. L. 991, 35 P.S. §1701 et seq.

engage in contracting work and that the appellants were required to engage a licensed contractor to do the work financed by the loan. Obviously a licensing agency does not become a party to every contract entered into by its licensees.

Affirmed.